IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TRUSTMARK INSURANCE COMPANY,**
**an Illinois corporation**,

    Plaintiff,

v.

**C&K MARKET, INC., an Oregon**
**corporation**,

    Defendant.

No. CV 10-465-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Trustmark Insurance Company ("Trustmark") moves to strike an affirmative defense pled by C&K Market, Inc. ("C&K") in this insurance dispute. C&K purchased stop-loss insurance from Trustmark through a policy that required 80% participation in the plan. Trustmark brought this action to rescind the contract because this 80% threshold has not been met. In its answer C&K pled seventeen affirmative defenses with little or no supporting facts. The question before the court is whether the plausibility standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009), applies to affirmative defenses. I hold that it does not.

## DISCUSSION

    Before *Twombly*, pleading standards in a complaint were governed by *Conley v. Gibson*, 355 U.S. 41 (1957). In *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam), the standard used in *Conley* was extended to affirmative defenses. *Twombly* announced

a new pleading standard for complaints, the plausibility standard, but did not discuss affirmative defenses. 550 U.S. at 570. Some district courts have extended *Twombly* to affirmative defenses, and some have not. *Compare Peterson v. Acumed, LLC*, No. CV-10-586, 2010 WL 5158542 at *3 (D. Or. Dec. 14, 2010) (applying *Twombly* to affirmative defenses); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (same); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649–52 (D. Kan. 2009) (same), *with First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009) (declining to extend *Twombly* to affirmative defenses); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) (same).

While I recognize that the state of the law may be shifting, I remain bound by current Ninth Circuit precedent. Until *Wyshak* is overruled I am bound to follow it. Therefore, I decline to extend the plausibility pleading requirements of *Twombly* to affirmative defenses. I find that affirmative defense #15 meets the notice requirement of *Wyshak*, so I DENY Trustmark's Motion to Strike affirmative defense #15.

DATED this  10th  day of February, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court