IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TRUSTMARK INSURANCE COMPANY,**
**an Illinois corporation**,

      Plaintiff,

      v.

**C&K MARKET, INC., an Oregon**
**corporation**,

      Defendant.

No. CV 10-465-MO

OPINION AND ORDER

      **MOSMAN, J.**,

C&K Market, Inc. ("C&K") moves to reassign its case against Trustmark Insurance Company ("Trustmark") to the Medford division (#54). For the reasons stated below, I deny the motion.

## BACKGROUND

This case involves Trustmark's request for the court to rescind the insurance contract it issued to C&K. Trustmark is headquartered outside of Oregon. C&K is headquartered in Curry County, part of the Medford Division. The insurance contract covers C&K's employees, which

1 – OPINION AND ORDER

are located primarily in Southern Oregon and Northern California. Trustmark contacted C&K in Southern Oregon to solicit the insurance contract.  (Mem. in Supp. (#55) 4.)

Trustmark's request for rescission is based on its claim that C&K misrepresented its compliance with the terms of the contract.  The contract was arranged through C&K's agent, Western Benefits, Inc. ("WBI"), which is located in Clackamas County, part of the Portland Division.  The complaint alleges that WBI "participated in nearly all the events and/or omissions at issue in this matter on behalf of [C&K],"), including signing the policy on behalf of C&K. (Compl. (#1) at ¶¶ 4, 11.)

## DISCUSSION

### I. Legal Standard

A case must be filed in a division where "divisional venue lies."  Local R. Civ. P. 3.3(a). Divisional venue means a division of the court in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated."  Local R. Civ. P. 3.2(b).  If a case is filed in the wrong division, "the Court may reassign the case to the appropriate division on its own motion or that of any party."  Local R. Civ. P. 3.3(c).  Therefore, this motion turns on whether a substantial part of the events from this claim occurred in Portland.

### II. Motion to Reassign Case

Trustmark wants to rescind the contract based on fraud at the time of signing, arguing that C&K made representations and warranties in the contract that were not true.  WBI negotiated and agreed to these terms in the Portland Division. These two events form the heart of the complaint, so a substantial part of this claim is based on actions that occurred in Portland.

The briefs discuss the merits of transferring to the Medford Division, but those arguments largely miss the point. The question is not whether the case could properly be filed in Medford, it is whether it was improperly filed in Portland.

## CONCLUSION

For the foregoing reasons, I DENY C&K's Motion to Reassign (#54).

IT IS SO ORDERED.

DATED this  28  day of March, 2011.

     /s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

3 – OPINION AND ORDER